**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAUL ROJAS-CRUZ, a/k/a Carlos
Cruz-Vizcarra, a/k/a Jose Ramon
Vizcarra, a/k/a Carlos Discardo Cruz,
a/k/a Carlos Cruz, a/k/a Ramiro Cruz-
Vizcarra,

Defendant-Appellant.

No. 07-1492

D. Colo.

(D.C. No. 07-CR-00228-WYD)

**ORDER**
**GRANTING MOTION TO WITHDRAW**
**& DISMISSING APPEAL**

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Raul Rojas-Cruz pled guilty pursuant to a plea agreement to unlawful

reentry of a deported alien subsequent to an aggravated felony conviction in

violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced him to

thirty months imprisonment and three years supervised release. Rojas-Cruz's

counsel filed an *Anders* brief and moved for leave to withdraw. *See Anders v.*

*California*, 386 U.S. 738 (1967). We received no response from Rojas-Cruz and

the government declined to submit a brief. Finding no meritorious issues, we grant counsel's motion to withdraw and dismiss the appeal.

Rojas-Cruz pled guilty pursuant to a plea agreement entered into with the government. At the plea hearing, the district court conducted a Rule 11 colloquy with Rojas-Cruz and determined he entered his plea of guilty freely and voluntarily. *See* Fed. R. Crim. P. 11. It also determined there was an independent factual basis for his plea. *Id.*

A presentence investigation report ("PSR") was prepared using the 2006 edition of the United States Sentencing Guidelines manual. The government filed a motion requesting Rojas-Cruz receive a one-level decrease in his offense level for acceptance of responsibility. *See* USSG §3E1.1(b). Based on Rojas-Cruz's total offense level and criminal history score, the PSR recommended a guideline range of thirty to thirty-seven months imprisonment. Rojas-Cruz filed a motion seeking a sentencing variance from the advisory guidelines.[1] Rojas-Cruz argued his history and characteristics called for a below-guideline sentence and requested a sentence of eighteen months.

At sentencing, Rojas-Cruz's counsel argued in support of the motion for variance. The government requested a sentence at the bottom of the guideline range. After

---

[1] A departure occurs "when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines." *United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007). A variance occurs "[w]hen a court enhances or detracts from the recommended range through application of ' 3553(a) factors." *Id.*

reviewing the sentencing factors found in 18 U.S.C. § 3553(a) and Rojas-Cruz's record, the court concluded an eighteen month sentence was too lenient and sentenced him to thirty months imprisonment. A separate judgment was entered and Rojas-Cruz filed a notice of appeal.

*Anders* holds "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." *Id.* The client may then "raise any points that he chooses." *Id.* Thereafter, the court must completely examine all the proceedings to determine the frivolity of the appeal. "If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . . [I]f it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

Rojas-Cruz's counsel indicates she could not find any non-frivolous appellate issues. We have carefully reviewed the record and likewise find no non-frivolous issues. The record demonstrates Rojas-Cruz's guilty plea was knowing and voluntary. *See Brady v. United States*, 397 U.S. 742, 755-56 (1970). There was sufficient evidence to form a factual basis for the plea. *See United States v. Blair*, 54 F.3d 639, 643 (10th Cir. 1995) ("Fed. R. Crim. P. 11(f) requires a court to satisfy itself that there is a factual basis for a guilty plea before

-3-

entering judgment on such a plea."). The guideline range was properly calculated and the district court properly applied the § 3553(a) factors. *See United States v. Geiner*, 498 F.3d 1104, 1107 (10th Cir. 2007) (holding sentence reflecting a proper guideline calculation and application of § 3553(a) factors is procedurally reasonable). The district court considered a non-guideline sentence, but ultimately decided to sentence Rojas-Cruz at the bottom of the guideline range. Its reasons for imposing the sentence were well explained and no evidence counters the presumption of reasonableness we give his considered guideline sentence. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (applying a presumption of reasonableness to sentences within the properly calculated guidelines range).

Rojas-Cruz's appeal is **DISMISSED** and counsel's motion to withdraw is **GRANTED**.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge